IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2025

## KESHON FORD v. BRANDON WATWOOD, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 24-CR-11074      Mark L. Hayes, Judge**

_____

### No. W2024-01946-CCA-R3-HC
_____

In 2022, the Petitioner, Keshon Ford, pleaded guilty to attempted second degree murder in exchange for a sentence of ten years of incarceration. Thereafter, the Petitioner filed a petition for writ of *habeas corpus*, alleging that his plea was not entered voluntarily. The *habeas* court entered an order dismissing the petition. On appeal, the Petitioner claims that the *habeas corpus* court erred when it denied his request for appointment of counsel and when it summarily dismissed his petition. We affirm the *habeas corpus* court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the Court, in which TIMOTHY L. EASTER and JOHN W. CAMPBELL, SR., JJ., joined.

Keshon Ford, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Danny H. Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts and Procedural History

This case arises from the Petitioner's shooting into his girlfriend's apartment while she and her young children were inside. For these offenses, the Petitioner was indicted for attempted first degree premeditated murder, employing a firearm during the attempt to commit first degree premeditated murder, possessing a firearm after having been convicted of a felony drug offense, and felony reckless endangerment. The Petitioner entered a guilty plea to attempted second degree murder in exchange for a ten-year sentence and in exchange for the remaining counts of the indictment being dismissed. The factual basis

underlying the Petitioner's guilty plea, recited by the State at the guilty plea hearing, is as follows:

> [The] State's proof would've been that on [October 24, 2019], MPD responded to a shooting at 156 Star Blossom Apartment 402 in 2nd Street Flats. When officers made the scene they located victim Jasmine Jones who lives at that apartment with her two juvenile daughters ages eight and four. [The victim] advised she looked out the peephole and saw her boyfriend, [the Petitioner], with other -- other individuals who appeared to be trying to break into her apartment. [The victim] told [the Petitioner] that she was calling the police. At that point two shots were fired into her apartment through the front door. One of the shots hit her in the right wrist, and another shot hit her in the right front pelvis. The [victim's] daughters were also inside the apartment when shots were fired but were not struck. [The victim] identified [the Petitioner] to investigators as the person she saw through the peephole shooting into her apartment. Officers recovered two .40 caliber shell casings and two projectiles from the scene.

As part of his agreement to plead guilty, the trial court imposed a ten-year sentence of incarceration.

In 2024, the Petitioner filed a petition for writ of *habeas corpus* claiming that his plea had not been voluntarily entered. The *habeas corpus* court filed an order on December 13, 2024, summarily dismissing the petition. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner claims that the *habeas* court erred when it denied him relief without appointing counsel pursuant to the Tennessee Supreme Court Rules. The State responds that there is no constitutional right to counsel in *habeas* proceedings and that appointment of counsel at this stage is within the trial court's discretion. The State contends that, as the Petitioner failed to state a colorable claim for relief in his underlying petition, appointment of counsel was not necessary and therefore the trial court did not abuse its discretion when it failed to appoint counsel. The State posits that the *habeas* court properly summarily dismissed the petition. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek *habeas corpus* relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2014). The determination of whether *habeas corpus* relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith*

*v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a *habeas corpus* petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the Petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a *habeas corpus* petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superseded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

If the *habeas* court determines from a petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of *habeas corpus* may be summarily dismissed. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the *habeas* court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The *habeas* court found that there was no basis for the writ of *habeas corpus* because the voluntariness of the Petitioner's guilty plea is not a colorable claim for relief that would make the Petitioner's judgment void. We agree and conclude that the Petitioner has not met his burden of establishing that his judgment is void or that his sentence has expired. After concluding that the Petitioner had not stated any cognizable claim for relief, the *habeas* court properly dismissed the petition without a hearing. *See Hickman*, 153 S.W.3d at 20. The Petitioner is not entitled to *habeas corpus* relief.

## III. Conclusion

After a thorough review of the record and the applicable law, we affirm the *habeas*

court's judgment.

_____s/ *Robert W. Wedemeyer*__
ROBERT W. WEDEMEYER, PRESIDING JUDGE